No. 29,034.

CHARLES FERGUSON, *Appellee*, v. PALMOLIVE-PEET COMPANY and THE ÆTNA INSURANCE COMPANY, *Appellants*.

(283 Pac. 508.)

Opinion filed January 11, 1930.

*A. L. Berger,* of Kansas City, for the appellants.

*A. J. Herrod,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a workmen's compensation case. There is a motion to dismiss the appeal. Dates important to be considered in passing on this motion are as follows: The workman was injured January 13, 1928. There was a hearing before the commissioner, who decided the case September 24, 1928. There was an appeal to the district court, where the cause was submitted, and judgment was rendered January 19, 1929. These are the only dates necessary to be taken into consideration. The workmen's compensation statute (Laws 1927, ch. 232) in force at the times mentioned, did not provide for an appeal to this court. (*Norman v. Consolidated Cement Co.,* 127 Kan. 643, 274 Pac. 233. See, also, *Begley v. Missouri Pac. Rld. Co.,* 128 Kan. 790, 791, 797, 280 Pac. 902.)

One other matter must be considered. A motion for a new trial was filed in the district court January 22, 1929. This was considered and overruled April 6, 1929, and a notice of appeal to this court was filed on that day. In the meantime the legislature had enacted chapter 206 of the Laws of 1929, which became effective March 15, 1929, which provided for an appeal from "the district

court to the supreme court on questions of law" by the filing of a notice of appeal "within twenty days after the final order of said district court." But this situation is of no avail to appellant, for the reason that the workmen's compensation statutes (Laws of 1927, ch. 232; Laws of 1929, ch. 206) make no provision for the filing of a motion for a new trial. These statutes provide a procedure of their own, complete in themselves, for compensation cases. "We are not warranted in borrowing rules and methods from the civil code." (*Norman v. Consolidated Cement Co.*, supra, p. 649.) The motion for a new trial, not being authorized by the compensation act, had no place in the proceedings. At best it would be no more than a motion addressed to the sound discretion of the court, which would have to be passed upon within the term of court. It was filed within the December, 1928, term of court, which expired the first Monday in March, 1929. (R. S. 20-1025.) Treated as a motion addressed to the court's discretion, the court had no authority to pass on it April 6, 1929. From this analysis it seems clear that the last final order and judgment of the district court in this case was January 19, 1929, at a time when no appeal to this court was provided by statute.

In *Roche v. Kaaz*, decided early this month without written opinion, the appeal was dismissed because the notice of appeal was not filed within twenty days after the judgment of the district court, which was May 6, 1929. Within three days a motion for a new trial had been filed, which was considered and denied May 25. On June 13 the notice of appeal was filed. This was within twenty days after the motion for a new trial had been overruled, but more than twenty days after the judgment of the district court on the merits.

The appeal is dismissed.

JOCHEMS, J., not participating.