No. 31,994

Adelaide Hughes Woods and Ruth Seay Woods, *Appellees*, v. Jacob Dold Packing Company and New Amsterdam Casualty Company, *Appellants*.

(43 P. 2d 786)

Opinion on motion to modify decree filed April 16, 1935. (For original opinion of modification and affirmance see 141 Kan. 363, 41 P. 2d 748.)

*W. A. Ayres, Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs* and *Robert R. Nelson,* all of Wichita, for the appellants.

*H. W. Hart, Glenn Porter, Enos E. Hook* and *Getto McDonald,* all of Wichita, for the appellees.

*Per Curiam:* In our opinion and judgment filed in this appeal (*Woods v. Jacob Dold Packing Co.,* 141 Kan. 363, 41 P. 2d 748) this court held that since the workmen's compensation act is complete in itself, its remedies are exclusive, it does not sanction the imposition of interest charges upon specific items of an award, and its legislative history shows the lawmakers' deliberate intent to exclude allowances of interest from its provisions, it was error for the trial court to allow an interest charge on the item awarded for burial expenses of the deceased workman.

Counsel for appellant now direct our attention to the full scope of this appeal. The record does show that over appellant's objection the trial court imposed an interest charge on the weekly payments which had been withheld during the pendency of the appeal from the order of the compensation commissioner, and error was predi-

cated thereon. This point is well taken. Counsel for the claimants suggest that the respondent employer could have avoided this interest charge by making the weekly payments. But the employer would thereby have cut off its right to a judicial review of the award. Counsel for claimants likewise suggest that by the familiar provision of the statute (R. S. 41-104) all money judgments bear interest. An award of compensation has some aspects which are fundamentally different from an ordinary money judgment. It is not the culmination of a jury trial for the recovery of money as contemplated in section 5 of the bill of rights. And the statute touching the imposition of interest is no more controlling on this matter than on many others which frequently, but ineffectually, have been invoked in workmen's compensation cases. (*Norman v. Consolidated Cement Co.*, 127 Kan. 643, 649, 650, 274 Pac. 233; *Jackovich v. Armour & Co.*, 132 Kan. 656, 296 Pac. 708; *Ketchell v. Wilson & Co.*, 140 Kan. 163, 32 P. 2d 865.) The fact that an award of compensation may have to be enforced as an ordinary judgment (*Lenon v. Standard Oil Co.*, 134 Kan. 289, 5 P. 2d 853) does not enlarge or alter the substantive rights and liabilities of the parties to a compensation case, since an allowance of interest is a matter of substance, not of mere procedure.

Our original judgment and order will therefore be modified, and the trial court directed to eliminate from its judgment all interest charges on the award, and thus corrected its judgment will stand, affirmed.

It is so ordered.