No. 31,787

BERT L. BROWER, *Appellee*, v. THE COUNTY OF SEDGWICK, *Appellant*.

(45 P. 2d 864)

Opinion filed June 8, 1935.

*John W. Wood,* of Wichita, for the appellant.
*John W. Adams,* of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was a workman's compensation case. Appellee moves to dismiss because the appeal was not taken within twenty days after the district court rendered its judgment.

In brief, the case was this: Plaintiff sustained an injury while engaged in road work in the employment of Sedgwick county. He

instituted proceedings before the compensation commissioner and was awarded compensation on June 8, 1933.

On June 16 the county appealed from the award. On November 14, 1933, the cause was tried on the record by the district court. Judgment was announced sustaining the award, and counsel were directed to prepare a journal entry accordingly.

For some reason the journal entry was not prepared and filed until December 6, 1933. At that time it recited that the cause was heard and decided on December 6; but by order of court, on December 8, it was corrected to recite the truth.

On December 22, 1933, the county filed its notice of appeal from the judgment sustaining the award; and on January 12, 1935, the appellee filed in this court a motion to dismiss, relying on R. S. 1933 Supp. 44-556, which provides that in compensation cases an appeal to the supreme court from the district court must be taken and perfected "by the filing of a written notice of appeal with the clerk of the district court within twenty days after the final order of said district court." Since the formal requirements of an appeal can be perfected in a workman's compensation case in five minutes' time, the giving of twenty days' time is generous to the ultimate degree, and this court need have no hesitancy in enforcing it. Indeed we have no jurisdiction to entertain an appeal which is filed too late. (*Ferguson v. Palmolive-Peet Co.*, 129 Kan. 516, 283 Pac. 508.)

Following the filing of appellee's motion in this court to dismiss this appeal, counsel for the respondent county applied to the district court of Sedgwick county to recorrect its journal entry of judgment to have it recite that the judgment in this case was actually rendered on December 6. A transcript of the proceedings which were held on January 14, 1935, is submitted for our perusal. It confirms the record that the judgment was rendered on November 14, 1933. Indeed the statement and argument of counsel for respondent renders it beyond dispute that the judgment was ordered on November 14, and that he was proceeding on the assumption that the twenty days would not begin to run until the journal entry was filed and approved by counsel for the litigants or by the court. That assumption was altogether fallacious; and a patient perusal of this record makes it clear that appellee's motion to dismiss must be sustained, and it is so ordered.

Dismissed.