No. 45,605

Veva J. Dunn, *Appellant,* v. Kuhlman Diecasting Company and Michigan Mutual Liability Company, *Appellees.*

(455 P. 2d 536)

Opinion filed June 14, 1969.

*Walter B. Patterson,* of Fort Scott, argued the cause, and *Robert M. Hickman,* of Kansas City, Missouri, was with him on the brief for the appellant.

*Thomas M. Van Cleave, Jr.,* of Kansas City, argued the cause, and *Bill E. Fabian,* of Kansas City, was with him on the brief for the appellees.

The opinion of the court was delivered by

Price, C. J.: This is a workmen's compensation case.

On March 14, 1968, the examiner entered an award in which he found that claimant suffered no compensable disability by reason of the accident in question and that an award in her favor should be denied.

Claimant filed a request for review by the workmen's compensation director.

On June 12 the request for review came on for hearing before the assistant director (K. S. A. 1968 Supp. 44-551). Counsel for both sides were present. On July 10 the assistant director—after correcting the findings of the examiner in two immaterial respects—entered an order affirming the award of the examiner.

Claimant appealed to the district court.

On August 13 claimant filed a motion to remand the proceeding to the director. This motion was overruled on August 15.

On November 6 the court entered an order affirming the award of the assistant director.

On November 8 claimant filed a motion "to alter or amend judgment under K. S. A. 60-259 (*f*)". This motion was overruled on November 29.

On December 13 claimant filed a notice appeal to this court from the above mentioned orders of August 15 and November 29 and from the judgment of November 6.

On oral argument of this appeal counsel for respondent employer and insurance carrier moved to dismiss the appeal on the ground it was not taken in time and therefore this court was without jurisdiction to consider it.

The point is well taken.

It has been held many times that the workmen's compensation act is complete in itself and may not be supplemented by borrowing from the code of civil procedure; that there is no provision in the act for motions for a new trial or other post-judgment motions, and that the statutory time for appeal is not enlarged or extended by the filing of such post-judgment motions (*Brower v. Sedgwick County Comm'rs*, 142 Kan. 7, syl. 1, 45 P. 2d 835; *Souden v. Rine Drilling Co.*, 150 Kan. 239, 92 P. 2d 74; *Gray v. Hercules Powder Co.*, 160 Kan. 767, 165 P. 2d 447; *Norcross v. Pickrell Drilling Co.*, 202 Kan. 524, 449 P. 2d 569).

K. S. A. 1968 Supp. 44-556 provides that an appeal to this court shall be taken within 20 days after the final order of the district court. Here the final order—judgment—of the district court was rendered on November 6, and claimant had 20 days from that date in which to appeal. The filling of the post-judgment motion on November 8 was to no avail and did not enlarge or extend the time for appeal. The notice of appeal was not filed until December 13— which was more than 20 days after the judgment of November 6. No timely appeal having been taken—this court is without jurisdiction. Notwithstanding that adherence to the rule requires a dismissal of this appeal, we have examined the record and state that if the case were before us on the merits claimant's contentions could not be sustained.

The appeal is dismissed.