(589 P.2d 124)

No. 50,001

IVA J. HENSLEY, Widow of ELMER WALLACE HENSLEY, Deceased, *Appellee,* v. CARL GRAHAM GLASS, a division of SHERWIN-WILLIAMS, and LIBERTY MUTUAL INSURANCE COMPANY, *Appellants.*

Opinion filed January 12, 1979.

*Douglas D. Johnson,* of Kassebaum & Johnson, of Wichita, for the appellants.

*George E. McCullough,* of McCullough, Wareheim & LaBunker, of Topeka, for the appellee.

Before ABBOTT, P.J., SPENCER and PARKS, JJ.

PARKS, J.: The Liberty Mutual Insurance Company and its insured, Carl Graham Glass (a division of Sherwin-Williams), appeal a Sedgwick County district court order wherein workmen's compensation benefits were granted to the claimant, Iva J. Hensley, widow of Elmer Wallace Hensley, who was an employee of the respondent glass company.

The facts of the occurrence out of which Mrs. Hensley's claim arose need not be detailed because procedural aspects of the case preclude a determination on the merits.

The essential question is whether the notice of appeal filed on April 6, 1978, was timely.

The right to appeal is strictly statutory in nature. It may be limited by the legislature to any class or classes of cases, or in any manner, or may be withdrawn completely. *Everett v. Blue Cross-Blue Shield Ass'n,* 225 Kan. 63, 587 P.2d 873 (1978); *Brinson v. School District,* 223 Kan. 465, 467, 576 P.2d 602 (1978).

Workmen's compensation procedures in K.S.A. 1978 Supp. 44-556 are complete and exclusive and are not to be supplemented by rules borrowed from the Code of Civil Procedure. *Krueger v. Hoch,* 202 Kan. 319, Syl. ¶ 2, 447 P.2d 823 (1968); *Magers v. Martin Marietta Corporation,* 193 Kan. 137, Syl. ¶ 1, 392 P.2d 148 (1964); see also *Brinson v. School District,* 223 Kan. at 468. Section (*c*) of K.S.A. 44-556 has remained unchanged for more than 40 years:

"[A workmen's compensation] appeal shall be taken and perfected by the filing of a written notice of appeal with the clerk of the district court within twenty (20) days after the final order of said district court, and thereafter such appeal shall be prosecuted in like manner as other appeals in civil cases . . . ."

It has long been the rule in this state that where an appeal from the district court in a workmen's compensation case is not taken and perfected within 20 days, appellate courts have no jurisdiction to consider it and the appeal must be dismissed. *The time in which such an appeal may be taken begins to run from the day the judgment is rendered, not from the date on which the journal entry of judgment is filed. Brower v. Sedgwick County Comm'rs,* 142 Kan. 7, Syl. ¶ 1 and ¶ 2, 45 P.2d 835 (1935).

Here the notice of appeal shows on its face that the appeal was not timely filed:

"Notice is hereby given that Carl Graham Glass, a division of Sherwin-Williams, respondent, and Liberty Mutual Insurance Company, insurance carrier, appeal from the judgment of this court entered on the 21st day of February, 1978, and filed on the 20th day of March, 1978, to the Court of Appeals of the State of Kansas."

The 20-day appeal period began running on February 21, 1978, and elapsed before the respondents filed their notice of appeal on April 6, 1978. Accordingly, we have no jurisdiction.

The appeal is dismissed.