No. 57,038

WINONA A. DIETER, *Claimant/Appellee*, v. THE LAWRENCE PAPER COMPANY, A Kansas Corporation, *Respondent/Appellant*, and WORKERS' COMPENSATION FUND, *Appellee*.

(697 P.2d 1300)

Opinion filed April 5, 1985.

*Stephen P. Weir*, of Hiatt & Carpenter, Chartered, of Topeka, argued the cause, and *Edwin P. Carpenter*, of the same firm, was on the brief for appellant.

*Gregory A. Lee*, of Davis & Bennett, of Topeka, argued the cause and was on the brief for appellee Fund.

*Eugene C. Riling*, of Riling, Norwood, Burkhead & Fairchild, Chartered, of Lawrence, argued the cause and was on the brief for appellee Winona Dieter.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal by an employer, Lawrence Paper Company, from a judgment of the district court of Douglas County, affirming a decision of the Director of Workers' Compensation awarding compensation for a temporary total disability to an injured worker, Winona A. Dieter. The district court also held that the Kansas Workers' Compensation Fund was not liable for payment of any part of the compensation.

The claim was initially heard by an administrative law judge who reviewed the evidence and found the essential facts to be as follows: On September 1, 1981, the claimant, Winona A. Dieter, was employed by the Lawrence Paper Company at its plant in Douglas County. Claimant and another employee were working on a machine which tapes cardboard boxes together. The claimant's co-employee started the machine, not knowing there was a box already in it. The machine pushed the box out against

claimant, causing her to fall off a platform and to land on her feet some three feet below with a resulting back injury. The employer stipulated that the claimant met with accidental injury while in the course of her employment. Written claim for compensation was timely made, and claimant was paid temporary total disability compensation. At the initial hearing before the administrative law judge, there was a dispute as to the nature and extent of claimant's disability. It was the employer's position that claimant had a preexisting back condition which she had knowingly misrepresented at the time she was employed. The dispute over the extent of disability arose primarily as the result of the failure of the medical providers to make an early diagnosis that the claimant had suffered a herniated disc. The medical experts disagreed as to the claimant's disability and her need for additional medical treatment. At a subsequent hearing, the administrative law judge determined that claimant needed further medical treatment and awarded her temporary total disability until the further order of the Director.

The employer filed an application for review with the director who upheld the finding of temporary total disability but found no knowing misrepresentation of a preexisting back condition. The employer appealed to the District Court of Douglas County which affirmed the Director's award. The employer then appealed to the appellate courts.

The two substantive issues on appeal are whether the trial court erred (1) in finding from the evidence that the claimant had a temporary total disability and (2) in finding that the claimant had not knowingly misrepresented a preexisting condition to her employer prior to her accepting employment.

Before addressing the merits of the appeal, we are faced with a jurisdictional issue raised by the claimant-appellee as to whether the employer-appellant failed to file a timely appeal within the thirty-day period allowed by K.S.A. 1984 Supp. 44-556(c). The record discloses that on November 17, 1983, the Workers' Compensation Director awarded claimant temporary total disability benefits and found no liability against the Kansas Workers' Compensation Fund. The employer filed a timely appeal to the district court. On February 22, 1984, a hearing was held in the district court on the appeal from the Director's award. At the close of the that hearing, the Honorable Ralph M. King, Jr., made

findings of fact and conclusions of law on the record and awarded the claimant temporary total disability benefits until the further order of the Director. On March 9, 1984, the employer filed with the district court its motion to reconsider the trial court's findings and judgment of February 22, 1984. On March 16, 1984, the journal entry of judgment on the February 22 hearing was filed by the district court after being approved by all counsel in the proceeding. On May 3, 1984, the Douglas County District Court denied the employer's motion to reconsider. On June 4, 1984, the employer filed a notice of appeal to the appellate courts from the judgment rendered in the February 22, 1984, hearing as set forth in the journal entry filed March 16, 1984. The employer also appealed from the trial court's denial of its motion to reconsider.

The jurisdictional question presented here is whether the appeal in this case was timely filed. The claimant maintains that the appeal was not timely filed because the employer failed to file its motion for reconsideration within ten days after the judgment of February 22, 1984, and further that the appeal was not timely because a final judgment was entered on February 22, 1984, and the notice of appeal was not filed within thirty days after entry of final judgment as required by K.S.A. 1984 Supp. 44-556(c). The employer takes the position that the appeal was timely filed in view of the 1979 amendment to 44-556(c). Prior to the 1979 amendment to 44-556(c), this court held in a number of cases that the Workmen's Compensation Act is complete in itself and may not be supplemented by borrowing from the code of civil procedure. *Dunn v. Kuhlman Diecasting Co.,* 203 Kan. 670, Syl. ¶ 2, 455 P.2d 536 (1969); *Brower v. Sedgwick County Comm'rs,* 142 Kan. 7, 45 P.2d 835 (1935); *Ferguson v. Palmolive-Peet Co.,* 129 Kan. 516, 283 Pac. 508 (1930).

In *Ferguson,* the district court entered its judgment in a workers' compensation appeal on January 19, 1929. The respondent-employer filed a motion for a new trial on January 22, 1929. This motion was overruled on April 6, 1929, and a notice of appeal was filed on that date. This court held that, since a motion for a new trial was not authorized by the Workmen's Compensation Act, the filing of the motion had not extended the right to appeal, and the notice of appeal was not filed within twenty days

after the judgment of the district court which was entered on January 19, 1929.

In *Brower,* the district court, at the close of the hearing on November 14, 1933, announced its judgment sustaining the Workers' Compensation award and counsel were directed to prepare a journal entry. For some reason, the journal entry was not prepared and filed until December 6, 1933. On December 22, 1933, the county, as respondent, filed its notice of appeal from the judgment sustaining the award. On appeal, this court held that the judgment was rendered effective November 14, 1933, and that respondent, as appellant, had no right to proceed on the assumption that to perfect an appeal the twenty days did not begin to run until the journal entry was filed. A motion to dismiss the appeal was sustained.

The 1979 session of the Kansas legislature amended K.S.A. 1978 Supp. 44-556(c), effective April 24, 1979, to read as follows:

"(c) Any party to the proceedings may appeal from any findings or order of the district court to the appellate courts on questions of law. The compensation payable under the decision of the district court shall not be stayed pending such appeal. Such appeal shall be taken and perfected by the filing of a written notice of appeal with the clerk of the district court *within thirty (30) days after the filing of the entry of judgment as provided in K.S.A. 60-258 and amendments thereto.* Any appeal heretofore taken and pending on the effective date of this act which was filed within twenty (20) days from the date of journal entry of judgment shall be deemed timely and the appellate court in which the appeal is pending shall have jurisdiction to determine such appeal. Appeals pursuant to this subsection shall be prosecuted in like manner as other appeals in civil cases, and shall take precedence over other cases except cases of a like character." L. 1979, ch. 158, § 1. (Emphasis supplied.)

In *Hensley v. Carl Graham Glass,* 3 Kan. App. 2d 57, 589 P.2d 124 (1979), the Court of Appeals dismissed a workers' compensation appeal for lack of jurisdiction on the grounds that the appeal was not filed within twenty days of the award of the district court rendered on the record at the close of the hearing on February 21, 1978, although the journal entry was not filed until March 20, 1978. The notice of appeal was filed on April 6, 1978. This court granted a petition for review and, in *Hensley v. Carl Graham Glass,* 226 Kan. 256, 597 P.2d 641 (1979), reversed the judgment of the Court of Appeals and held that the purpose of the 1979 amendment to 44-556(c) was to conform the time for appeal in workers' compensation cases to that in other civil actions under K.S.A. 60-258 and K.S.A. 60-2103.

There still appears to be a great deal of confusion in the

application of the code of civil procedure to workers' compensation appeals pending in the district courts of this state. The Kansas appellate courts have not heretofore addressed the specific question whether the filing of a postjudgment motion tolls the time for filing an appeal since 44-556(c) was amended in 1979. Prior to the 1979 amendment, a number of Kansas cases held that, since there was no provision in the Workmen's Compensation Act for filing motions for a new trial or other postjudgment motions, the statutory time for appeal was not extended by filing a post-trial motion. *Dunn v. Kuhlman Diecasting Co.*, 203 Kan. 670; *Gray v. Hercules Powder Co.*, 160 Kan. 767, 165 P.2d 447 (1946); *Ferguson v. Palmolive-Peet Co.*, 129 Kan. 516. The opinion in *Hensley v. Carl Graham Glass*, 226 Kan. 256, did not specifically cover the question whether a postjudgment motion tolls the time for filing a notice of appeal to an appellate court in a workers' compensation case.

We have concluded that the 1979 amendment to 44-556(c) had the effect of making the procedural provisions of the Kansas Code of Civil Procedure pertaining to entry of judgment, postjudgment motions, and appeals applicable to workers' compensation appeals pending in the district court to the same extent as they are applied in other types of civil cases. In reaching this conclusion, we note that K.S.A. 60-201 addresses the scope of the Kansas Code of Civil Procedure and provides as follows:

"60-201. **Scope.** This article governs the procedure in the district courts of Kansas, other than actions commenced pursuant to chapter 61 of the Kansas Statutes Annotated, and any amendments thereto, and governs the procedure in all original proceedings in the supreme court in all suits of a civil nature whether cognizable as cases at law or in equity, except as provided in K.S.A. 60-265."

Furthermore, the Kansas Code of Civil Procedure is to be liberally construed. K.S.A. 60-102. In liberally construing the Code of Civil Procedure, it should be held to apply to workers' compensation reviews in the district court in order to give a district court authority to correct its own errors prior to appellate review. In *Hensley*, 226 Kan. 256, it is stated that the purpose of the 1979 amendment to 44-556(c) was to conform the time for appeal in workers' compensation cases to those in other civil actions under K.S.A. 60-258 and K.S.A. 60-2103. K.S.A. 60-258 specifically provides that *no judgment* shall be effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the district court. This provision is impor-

tant because it enables the district court to state clearly and without equivocation in a journal entry its findings of fact and conclusions of law and final judgment.

K.S.A. 60-2103 states that when an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be thirty days from the entry of the judgment as provided in K.S.A. 60-258, except that the running of the time for appeal is terminated by a timely posthearing motion and that the full time for appeal commences to run and is to be computed upon the entry of an order granting or denying a motion for judgment under K.S.A. 60-250(b) or granting or denying a motion under K.S.A. 60-252(b) to amend or make additional findings of fact, or granting or denying a motion under K.S.A. 60-259 to alter or amend the judgment, or denying a motion for a new trial under K.S.A. 60-259.

As noted above, in the present case the district court held its hearing on the workers' compensation appeal on February 22, 1984, and announced its judgment at that time. On March 9, 1984, the employer filed its motion for the court to reconsider. It has been held that a motion for a new trial filed before the trial court files its journal entry of judgment, although prematurely filed, is effective and tolls the time to file a notice of appeal. *Hays House, Inc. v. Powell*, 7 Kan. App. 2d 53, 637 P.2d 486 (1981), *rev. denied* 230 Kan. 818 (1982). On March 16, 1984, the journal entry of judgment was filed. At that time, the trial court's judgment became effective under K.S.A. 60-258. On May 3, 1984, the district court denied the employer's motion to reconsider. As provided in K.S.A. 60-2103, the time for appeal commenced to run and was to be computed from the date of the order of the court denying the motion of the employer to reconsider the trial court's findings and judgment. Thus, the notice of appeal was filed in time and we hold that this court has jurisdiction to consider the appeal of the employer on its merits.

Turning to the two issues raised by the employer on the appeal, we hold, on the basis of the evidentiary record before us, that the findings of the trial court that the claimant had a temporary total disability is supported by substantial competent evidence. We further hold that the findings of the trial court that the claimant did not *knowingly* misrepresent her physical condition at the time she was employed is also supported by substantial

competent evidence. This court has held many times that if, when viewed in the light most favorable to the party prevailing below, there is substantial evidence to support the district court's factual findings, this Court is bound by those findings and has no power to weigh the evidence or reverse the judgment of the trial court. Although this Court may feel the weight of the evidence as a whole is against the findings of fact made by the district court, it may not disturb those findings if they are supported by substantial competent evidence. *Crabtree v. Beech Aircraft Corp.*, 229 Kan. 440, 442, 625 P.2d 453 (1981). Since there is substantial competent evidence to support the findings of the trial court that future medical treatment was required to help claimant reach her maximum recovery and that the claimant did not knowingly misrepresent her back condition, we must affirm.

Judgment affirmed.