(766 P.2d 1294)

No. 62,410

LEONARD WREX, *Appellee,* v. T.G.&Y., *Respondent/Appellant,* and NORTHWESTERN NATIONAL INSURANCE COMPANY, *Insurance Carrier/Appellant,* and KANSAS WORKERS' COMPENSATION FUND, *Appellee.*

Opinion filed January 20, 1989.

*Mark E. Kolich,* of Mustain & Newman, Chartered, of Kansas City, for appellants T.G.&Y. and Northwestern National Insurance Company.

*Natalie G. Haag* and *Michael J. Unrein,* of Davis, Wright, Unrein, Hummer & McCallister, of Topeka, for appellee Kansas Workers' Compensation Fund.

Before GERNON, P.J., DAVIS J., and FLOYD H. COFFMAN, District Judge Retired, assigned.

GERNON, J.: T.G.&Y. and Northwestern National Insurance Company appeal the district court decision denying their request for "post-judgment" interest on the amount paid to them as reimbursement by the Kansas Workers' Compensation Fund.

The parties submitted an agreed statement of the case for the purposes of this appeal, and the facts will be discussed only to the extent necessary to decide the issues before us.

The sole issue on appeal is whether the district court erred in finding that the Workers' Compensation Fund was not liable for the payment of post-judgment interest.

K.S.A. 44-566a(e) lists the payments for which the Kansas Workers' Compensation Fund is liable. This section states:

"(e) The workers' compensation fund shall be liable for:
"(1) Payment of awards to handicapped employees in accordance with the provisions of K.S.A. 44-569 and amendments thereto;
"(2) payment of workers' compensation benefits to an employee who is unable to receive such benefits from such employee's employer under the conditions prescribed by K.S.A. 44-532a and amendments thereto:
"(3) reimbursement of an employer or insurance carrier pursuant to the provisions of K.S.A. 44-534a and amendments thereto, subsection (d) of K.S.A. 44-556 and amendments thereto, subsection (c) of K.S.A. 44-569 and amendments

thereto and K.S.A. 44-569a and amendments thereto;

"(4) payment of the actual expenses of the commissioner of insurance which are incurred for administering the workers' compensation fund, subject to the provisions of appropriations acts; and

"(5) any other payments or disbursements provided by law."

T.G.&Y. and Northwestern National Insurance Company acknowledge that the Workers' Compensation Act is complete and exclusive within itself in establishing procedures covering every phase of the right to compensation. *Bahr v. Iowa Beef Processors, Inc.*, 8 Kan. App. 2d 627, 632, 633 P.2d 1144, *rev. denied* 233 Kan. 1091 (1983).

T.G.&Y. and Northwestern National further agree that there is no provision of the Act specifically providing for the payment of interest by the Fund. They argue, however, that the Fund is liable for the payment of post-judgment interest under K.S.A. 44-566a(e)(5), and that not allowing interest in this situation would be contrary to the expressed intent of the Act to encourage the hiring of handicapped employees.

T.G.&Y. and Northwestern National assert that the ruling of the district court ordering the reimbursement was a judgment under the Code of Civil Procedure, and that interest should accrue as it would for any other civil judgment under K.S.A. 1987 Supp. 16-204. They claim that interest is therefore a payment provided by law and is allowed by the Workers' Compensation Act under K.S.A. 44-566a(e)(5).

The Fund claims, the district court ruled, and we agree that 16-204 does not apply in workers' compensation cases because interest is not a matter of procedure, but a matter of substance.

In *Dieter v. Lawrence Paper Co.*, 237 Kan. 139, 697 P.2d 1300 (1985), the Kansas Supreme Court held that the procedural provisions of the Kansas Code of Civil Procedure pertaining to entry of judgment, post-judgment motions, and appeals were applicable to workers' compensation appeals pending in the district court. 237 Kan. at 143. The court in *Dieter* was concerned with whether a workers' compensation appeal had been timely filed and held that the time for appeal in workers' compensation cases was to conform with the time permitted in civil cases.

The court ruled in *Woods v. Jacob Dold Packing Co.*, 141 Kan. 748, 43 P.2d 786 (1935), that the allowance of interest was a matter of substance and not of mere procedure. 141 Kan. at 749. T.G.&Y. and Northwestern National argue that this holding does not apply in this case. We do not find their arguments persuasive.

T.G.&Y. and Northwestern National rely upon K.S.A. 44-566a(e)(5), which is a general provision of the Workers' Compensation Act. We conclude, as did the trial court, that the fact situation in this case is specifically addressed in K.S.A. 44-566a(e)(3). This section, providing for reimbursement to an employer or insurer, does not mention interest.

The four sections listed in K.S.A. 44-566a(e)(3) all provide for reimbursement by the Fund to an employer or insurer of certain amounts paid to an employee. As these are *reimbursement* payments, it is clear that the money has already been paid by the company or insurer, and yet the Act does not indicate that the company or insurer is to be compensated for the loss of the use of the money. We conclude that, by this omission, this is a burden left to the company or the insurer.

We agree that this result may not be entirely consistent with the expressed legislative intent to encourage the employment and retention of handicapped workers. See *Arduser v. Daniel International Corp.*, 7 Kan. App. 2d 225, 229-31, 640 P.2d 329, *rev. denied* 231 Kan. 799 (1982). However, the Act does not allow interest in any other case of reimbursement, and it is not clear that the legislature intended to distinguish the employment of handicapped workers in this manner. Certainly the legislature is free to do so, but absent some specificity, or clear indication of legislative intent to allow interest under these circumstances, we are not at liberty to do so.

Affirmed.