No. 75,333

THURMA J. JONES, *Claimant,* v. CONTINENTAL CAN COMPANY and AETNA LIFE & CASUALTY COMPANY, *Appellees,* and KANSAS WORKERS COMPENSATION FUND, *Appellant.*

(920 P.2d 939)

Opinion filed July 12, 1996.

*Fred J. Logan, Jr.*, of Logan·& Logan, of Prairie Village, argued the cause, and *Brian Moline* and *Paula Greathouse*, of Kansas Commissioner of Insurance, were on the brief for appellant.

*Douglas M. Greenwald*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, argued the cause, and *Clifford K. Stubbs*, of Lenexa, of the same firm, was on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: The Kansas Workers Compensation Fund (Fund) appeals a Workers Compensation Board (Board) ruling that a notice the Fund was being impleaded which was transmitted to the Commissioner of Insurance (Commissioner) by telefax 52 minutes prior to the first hearing in the case is sufficient to implead the Fund under K.S.A. 44-567(d).

The Administrative Law Judge (ALJ) and the Board both held the Fund was properly impleaded so as to subject it to liability.

Because the Fund contends an untimely and improper action in its impleading, and the respondent and insurance carrier contend this appeal is not timely filed, we will set forth in detail the chronological development of this case.

Thurma Jean Jones claimed workers compensation benefits for injuries to her left shoulder and arm resulting from repeated lifting in the course of her employment with Continental Can Company. The case was placed on the active docket in September 1993; a prehearing settlement conference was held in November 1993; and in January 1994, the ALJ ordered that Jones be examined by independent expert Lynn D. Ketchum, M.D., whose evaluation was submitted in March 1994. The evaluation noted Jones had a shoulder injury that had previously been rated and concluded her disability rating was 18% permanent partial impairment of the left upper extremity at the level of the wrist.

The first evidentiary hearing was set for April 5, 1994. Continental Can and its insurance carrier, Aetna Life & Casualty Company, impleaded the Commissioner as administrator of the Fund by serving the Commissioner with copies of its impleader petition by telefax sent at 2:08 p.m. on April 5, 1994. The first full hearing where evidence was introduced was conducted at 3 p.m. on that

date, and testimony of Jones was taken. The Fund did not appear, nor was it represented, although counsel for respondent and insurance carrier told the court: "Just for purposes of clarification of the record, if the Fund lawyer needs to come back and take additional evidence in this case, Mrs. Jones' depositions can be rescheduled at her convenience to do that."

In response to an April 22, 1994, letter from Jones' counsel, Dr. Ketchum stated for the first time in the record that a connection existed between the current wrist injury and the prior shoulder injury by opining, "It is my feeling that the current weakness that she has is significantly related to that first accident and that her second injury would probably not occur but for the pre-existing impairment which does not relate to the shoulder, but to the arm."

On May 6, 1994, the Fund attempted to obtain its dismissal, arguing the notice of impleader was defective because it was untimely and that notice by fax was unauthorized. On May 10, 1994, the ALJ denied the Fund's motion but continued the case to allow an appeal to the Board.

The Fund's appeal to the Board resulted in a July 14, 1994, determination by the Board that it lacked jurisdiction to review the denial of the Fund's motion to dismiss because the appeal was interlocutory.

At a July 8, 1994, hearing the ALJ approved a settlement negotiated between Jones and Continental Can. The respondent, its insurer, and the Fund stipulated the settlement was reasonable and reserved the apportionment of the award as an issue to be resolved.

Counsel for both Fund and respondent were present when the deposition of Dr. Ketchum was taken in November 1994. This resulted in a determination on February 17, 1995, by the ALJ that the Fund had been properly impleaded in conformity with governing law and was totally responsible for Jones' award.

The Fund appealed to the Board. The Board, in an order dated, filed, and mailed to all interested parties on September 29, 1995, held the notice of impleader complied with the technical requirements of K.S.A. 44-567(d) but, because the Fund had not been given a reasonable opportunity to be heard and present evidence as K.S.A. 44-523 requires, the evidence presented at the April 5,

1994, hearing was deemed to be inadmissible as related to issues involving the Fund's liability. Nevertheless, the Board affirmed the ALJ's finding that the Fund was 100 percent liable based on the deposition of Dr. Ketchum, which had been taken long after the Fund was impleaded.

The Fund filed a notice of appeal from the Board's September 29, 1995, order on November 1, 1995. The notice of appeal acknowledged the Board's order was mailed to all parties on September 29, 1995, and stated: "With three days added for service by mail, the deadline for filing a notice of appeal is November 1, 1995, and this notice of appeal is accordingly timely filed."

The respondent and insurance carrier moved for involuntary dismissal of the appeal, contending it was untimely because it was not filed within 30 days of the date of the Board's final order as required by K.S.A. 1995 Supp. 44-556(a).

The Fund responded by contending it was entitled to the benefit of the "three-day mailing rule" under Supreme Court Rules 1.05(c) (1995 Kan. Ct. R. Annot. 5) and 9.04(c) (1995 Kan. Ct. R. Annot. 56), and the application of K.S.A. 1995 Supp. 60-206(a) and (e).

We must first answer the difficult question of our jurisdiction to hear this appeal. It is our longstanding rule that "the right to appeal is entirely statutory and not a right vested in the United States or Kansas Constitutions; Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by the applicable statutes." *Little Balkans Foundation, Inc., v. Kansas Racing Comm'n,* 247 Kan. 180, 188, 795 P.2d 368 (1990); *Tobin Constr. Co. v. Kemp,* 239 Kan. 430, 437, 721 P.2d 278 (1986).

The resolution of this issue involves the interpretation of statutes, which is a question of law upon which our appellate review is unlimited. *Todd v. Kelly,* 251 Kan. 512, 515, 837 P.2d 381 (1992).

The Board fully complied with its statutory obligation when it rendered its decision that was dated and mailed on September 29, 1995. The mailing to all interested parties was in compliance with K.S.A. 1995 Supp. 44-555c(k), which provides in part: "The board

shall mail a copy of the final order of the board to all parties to the proceeding within three days following the issuance of the final order."

Once the Board had acted, any party which wished to appeal its decision was then obligated to follow the provisions of K.S.A. 1995 Supp. 44-556(a), which provides in applicable part:

"Any action of the board pursuant to the workers compensation act, other than the disposition of appeals of preliminary orders or awards under K.S.A. 44-534a and amendments thereto, shall be subject to review in accordance with the act for judicial review and civil enforcement of agency actions by appeal directly to the court of appeals. Any party may appeal from a final order of the board by filing an appeal with the court of appeals within 30 days of the date of the final order. Such review shall be upon questions of law."

As has been previously stated, the Fund obviously recognized that its appeal was not filed within 30 days from the date of the Board's order and it attempted to invoke 3 additional days within which to file its appeal as a result of the Board's mailing of its decision to all interested parties.

This jurisdictional issue was raised by the motion of respondent and insurance carrier to dismiss the appeal for failure of the notice to be filed within 30 days "of the date of the final order." They claimed the 3 additional days arise only under Chapter 60 actions, particularly K.S.A. 60-2103(a), where the appeal is to be taken within "30 days from the entry of the judgment." Respondent and insurance carrier pointed out there is an obvious difference between the entry of a judgment and the date of an order.

In addition, respondent and insurance carrier argued that even if K.S.A. 60-2103(a) is modified by K.S.A. 60-206(e), the modifying language applied only to Chapter 60 actions. K.S.A. 60-206(e) states:

"*Additional time after service by mail.* Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail, three days shall be added to the prescribed period."

Respondent and insurance carrier concluded that since there is no comparable section in Chapter 44 of the Kansas Statutes Anno-

tated, the 3 days should not be added to the appeal time, and the appeal should be dismissed.

The Fund responded with the contention that the 3-day mailing rule applies to all appeals because Supreme Court Rule 9.04(c), adopted July 28, 1995, which relates to workers compensation, states: "(c) All other procedures and matters not provided for in this order shall be governed by the Supreme Court rules relating to appellate practice and appellate statutes." This, the Fund contended causes appellate procedure relating to workers compensation cases to be governed by our rules and requires us to consider Supreme Court Rule 1.05(c) (1995 Kan. Ct. R. Annot. 5), which provides: "The computation of time in the appellate courts shall follow K.S.A. 60-206(a) and (e)." Because K.S.A. 60-206(e) is referred to by the rule, the Fund contends that its provision which requires 3 days to be added to the prescribed period applies, and 3 additional days must be allowed in this instance.

The Fund further invokes *Danes v. St. David's Episcopal Church*, 242 Kan. 822, 827, 752 P.2d 653 (1988), for the rule that the mailing of an entry of judgment extends the time for post-judgment motions and appeal by 3 days.

These contentions bring into focus the question of whether the specific language in the workers compensation statute requiring an appeal to be within 30 days of the date of the final order can be extended by the application of a Supreme Court rule. This is a question of first impression which will govern all subsequent appeals from the Board.

Although this is the first case to come before this court involving the timeliness of filing an appeal from the order of the Board since it was established July 1, 1993, we have a long history of appeals involving our Workers Compensation Act to which we must look in resolving this issue.

In the 1927 Workers Compensation Act, the legislature provided the right to appeal from the decisions of the commission to the district court by filing a notice of appeal with the commission within 20 days of the ruling appealed from. L. 1927, ch. 232, § 42. In *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 645, 274 Pac. 233 (1929), we held the Kansas Supreme Court lacked juris-

diction to hear an appeal from a district court decision under this statute. Our opinion explicitly rejected using the ordinary rules of civil procedure to determine when an appeal could be taken:

"We are not warranted in borrowing rules and methods from the civil code not included in the act itself, methods prescribed for ordinary civil actions which the legislature for obvious reasons was seeking to avoid, and for which it provides a substitute. . . . More than that, the legislature had under consideration the subject of review of the findings and awards of the commission, and it provided for a limited review in the district court. Having dealt with the subject of appeals, it is inferable that no different or other appeal was intended to be given by the legislature." 127 Kan. at 649.

In response to *Norman*, in 1929, the legislature amended R. S. 1923 44-556 (1927 Supp.) to permit appeals to the Supreme Court by filing a notice of appeal with the clerk of the district court within 20 days of the district court's order. L. 1929, ch. 206, § 1. Nevertheless, the rule of *Norman* persisted that the Workers Compensation Act stands alone and is not supplemented by the civil code. See *Willis v. Skelly Oil Co.*, 135 Kan. 543, 545, 11 P.2d 980 (1932).

In *Brower v. Sedgwick County Comm'rs*, 142 Kan. 7, 45 P.2d 835 (1935), Justice Dawson granted a motion to dismiss relying on R.S. 1923 44-556 (1933 Supp.), which provided that in workers compensation cases, an appeal to the Supreme Court from the district court must be taken and perfected by the filing of a written notice of appeal with the clerk of the district court within 20 days of the final order. Justice Dawson stated: "Since the formal requirements of an appeal can be perfected in a workman's compensation case in five minutes' time, the giving of twenty days' time is generous to the ultimate degree, and this court need have no hesitancy in enforcing it. Indeed we have no jurisdiction to entertain an appeal which is filed too late." 142 Kan. at 8.

This rule was applied in numerous cases similar to the present one where the parties sought to extend the time for an appeal beyond the then 20 days allotted under 44-556 by applying rules applicable in civil cases generally. See *Dunn v. Kuhlman Diecasting Co.*, 203 Kan. 670, 455 P.2d 536 (1969); *Gray v. Hercules Powder Co.*, 160 Kan. 767, 165 P.2d 447 (1946); *Ferguson v. Palmolive-Peet Co.*, 129 Kan. 516, 283 Pac. 508 (1930).

Although the wording of 44-556 relating to taking an appeal changed many times over the years, the provisions prescribing the 20-day limitation for filing a notice of appeal remained consistent until 1979. See L. 1955, ch. 250, § 10; L. 1961, ch. 243, § 5; L. 1967, ch. 281, § 1; L. 1970, ch. 190, § 9; L. 1974, ch. 203, § 42; L. 1976, ch. 145, § 197; L. 1977, ch. 109, § 29.

In 1979, the time prescribed by the legislature within which to take a workers compensation appeal changed significantly. The legislature mandated that:

"[a]ny party to the proceedings may appeal from any findings or order of the district courts to the appellate courts on questions of law. . . . Such appeal shall be taken and perfected by the filing of a written notice of appeal with the clerk of the district court within thirty (30) days after the filing of the entry of judgment as provided in K.S.A. 60-258 and amendments thereto. . . . Appeals pursuant to this subsection shall be prosecuted in like manner as other appeals in civil cases, and shall take precedence over other cases except cases of like character." L. 1979, ch. 158, § 1; K.S.A. 1979 Supp. 44-556(c).

In *Dieter v. Lawrence Paper Co.*, 237 Kan. 139, 697 P.2d 1300 (1985), we held that changing the appellate procedure in K.S.A. 1979 Supp. 44-556 to refer to K.S.A. 60-258 had the effect of reversing our longstanding doctrine that the Code of Civil Procedure could not be imported into workers compensation statutes.

Justice Prager, writing for a unanimous court, pointed out that prior to the 1979 amendments to 44-556(c), we held in numerous cases that the Workers Compensation Act is complete in itself and may not be supplemented by borrowing from the Code of Civil Procedure. 237 Kan. at 141. After referring to those portions of the 1979 amendments to 44-556(c), previously set forth herein, he opined that "the 1979 amendments to 44-556(c) had the effect of making the procedural provisions of the Kansas Code of Civil Procedure pertaining to entry of judgment, post-judgment motions, and appeals applicable to workers' compensation appeals pending in the district court to the same extent as they are applied in other types of civil cases." 237 Kan. at 143. *Hensley v. Carl Graham Glass*, 226 Kan. 256, 597 P.2d 641 (1979), was referred to as stating the purpose of the 1979 amendments to 44-556(c) was to conform the time of appeal in workers compensation cases to that in other

civil actions under K.S.A. 60-258 and K.S.A. 60-2103. 237 Kan. at 142.

Had the development of the Workers Compensation Act stopped with the 1979 amendments, clearly under the *Dieter* decision, the Fund would have the benefit of the 3-day mailing rule of K.S.A. 60-206(e). However, in 1986 and again in 1993, the statute was amended in significant ways.

In 1986, all provisions dealing with appellate review were altered so that the review would be in accordance with the newly enacted Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* L. 1986, ch. 318, § 57. The specific provisions are set forth in K.S.A. 44-556(a) (Ensley 1986), which reads in applicable part as follows: "Any action of the director pursuant to the workmen's compensation act shall be subject to review in accordance with the act for judicial review and civil enforcement of agency actions."

The time requirement for filing a notice of appeal in the Workers Compensation Act was eliminated and the time requirement of the Act for Judicial Review and Enforcement of Agency Actions (K.S.A. 77-613) appears to have been substituted in its place. This also brings into focus the provision of K.S.A. 77-623 which states that "[d]ecisions on petitions for judicial review of agency action are reviewable by the appellate courts as in other civil cases."

K.S.A. 1986 Supp. 77-613 stated that it is "[s]ubject to other requirements of this act or of another statute," but set forth in (d) that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after service of an order, pleading or other matter and it is served by mail, three days shall be added to the prescribed period." Thus, because at this point no other statute had another time requirement and the 3-day mailing period of 77-613(d) was identical to the one set forth in 60-206(e), the additional 3 days in which to file an appeal existed between 1986 and 1993.

In 1993, however, things changed again. The legislature added back into 44-556(a) a time requirement for the filing of a notice of appeal when it stated:

"Any action of the board pursuant to the workers compensation act . . . shall be subject to review in accordance with the act for judicial review and civil enforcement of agency actions by appeal directly to the court of appeals. *Any party may appeal from a final order of the board by filing an appeal with the court of appeals within 30 days of the date of the final order."* (Emphasis added.) L. 1993; ch. 286, § 58.

Although this provision in the Workers Compensation Act limits the time of filing an appeal to 30 days from the final order of the Board, it also states that review shall be in accordance with the Act for Judicial Review and Civil Enforcement of Agency Actions. With the district courts of this state now no longer involved in workers compensation cases, the appeal from the Board is directly to the Court of Appeals.

It is at this point that the wording of K.S.A. 77-613 is critical, for it states that the time limits for filing therein are "[s]ubject to other requirements of this act or of another statute." It is clear that the appeal time set forth in K.S.A. 1995 Supp. 44-556 is "another statute." The directive wording of K.S.A. 1995 Supp. 44-556 does not allow for the 3-day mailing rule of either K.S.A. 1995 Supp. 77-613(d) or K.S.A. 60-206(e).

It is our longstanding rule that a specific statute, such as one applying to appeals of workers compensation cases, prevails over a general statute unless it appears the legislature intended to make the general statute controlling. *State v. Williams*, 250 Kan. 730, Syl. ¶ 1, 829 P.2d 892 (1992).

Additionally, older statutes like K.S.A. 77-613 are subordinate to new enactments like K.S.A. 1995 Supp. 44-556, as the newer statute is the later expression of the legislative intent and so will control if there is a possible conflict between the two. *State v. Sexton*, 232 Kan 539, 543, 657 P.2d 43 (1983). Moreover, the legislature is presumed to have changed the operation of appellate procedure by revising the law in 1993. See *Hughes v. Inland Container Corp.* 247 Kan. 407, 414, 799 P.2d 1011 (1990). Such a change would be accomplished only if the 30-day time limit to appeal provided for in K.S.A. 44-556(a) was intended to substitute for the period provided for in K.S.A. 77-613 and render it inapplicable.

It is therefore apparent that we are back to the same position we were prior to 1979. The Workers Compensation Act provides its own time limit for appeal without reference to Chapter 60 and in preemption of K.S.A. 1995 Supp. 77-613. The statutory basis for applying the provisions of the Code of Civil Procedure to workers compensation appeals was removed by the legislature. This leads us to a strict application of the wording of K.S.A. 1995 Supp. 44-556(a) and the dismissal of this appeal as untimely.

Having gone the full circle in the wake of the many legislative changes, we are back to the clear statement and rule of *Bushman Construction Co. v. Schumacher*, 187 Kan. 359, 362, 356 P.2d 869 (1960), which states:

"Our decisions are replete that the Workmen's Compensation Act undertook to cover every phase of the right to compensation and of the procedure for obtaining it, which is substantial, complete and exclusive, and we must look to the procedure of the act for the methods of its administration. Rules and methods provided by the code of civil procedure not included in the act itself are not available in determining rights thereunder."

Such a result is consistent with the rule that where a statute provides for an appeal, the appeal is governed by that statute rather than general statutes concerning the right to an appeal. *Clay Township v. Pebley*, 207 Kan. 59, 64, 483 P.2d 1101 (1971).

We are unable to expand our jurisdiction by applying Supreme Court Rule 9.04(c), dealing with workers compensation cases, which states broadly: "All other procedures and matters not provided for in this order shall be governed by the Supreme Court rules relating to appellate practice and applicable statutes." Although this might logically lead us to Supreme Court Rule 1.05(c), which states: "The computation of time in the appellate courts shall follow K.S.A. 60-206(a) and (e)," it is improper for us to expand a clearly stated statutory period within which an appeal must be filed by the use of our procedural rules.

Jurisdictional considerations prohibit using Supreme Court Rule 1.05(c) to apply the 3-day mailing rule of K.S.A. 60-206(e) here. Rule 1.05 applies to petitions and papers required and regulated by other Supreme Court Rules, not to those required and regulated by statute. The time limits imposed by Supreme Court Rules are

not jurisdictional and can be waived. See *In re Lakeview Gardens, Inc.*, 227 Kan. 161, 167, 605 P.2d 576 (1980) (failure to timely pay docket fee and timely designate record not jurisdictional where no prejudice exists); *Crumpacker v. Crumpacker*, 239 Kan. 183, 184, 718 P.2d 295 (1986) (time limits for serving and filing briefs not jurisdictional).

This is not true of the time limits for filing a notice of appeal imposed by statute. *Giles v. Russell*, 222 Kan. 629, 632, 567 P.2d 845 (1977), clearly held that absent compliance with the statutory rule, we have the duty to dismiss the appeal. The effect of allowing a court rule to expand the time within which to file a notice of appeal by applying K.S.A. 60-206(e) in a workers compensation case would be to expand our jurisdiction. Yet, it is fundamental that jurisdiction is controlled by statute and an appeal can only be perfected if taken within the time limitations and in the manner provided by the applicable statutes. *Resolution Trust Corp. v. Bopp*, 251 Kan. 539, 541, 836 P.2d 1142 (1992).

We would violate the separation of powers doctrine if we were to use a court rule to expand our own jurisdiction by allowing more time in workers compensation cases to file a notice of appeal than the legislature has provided by statute in Chapter 44. See *Brinson v. School District*, 223 Kan. 465, Syl. ¶ 1, 576 P.2d 602 (1978) (scope of appellate right lies within legislative domain); *Materi v. Spurrier*, 192 Kan. 291, 292, 387 P.2d 221 (1963) (under Kan. Const. art. 3, § 3 appellate jurisdiction only that conferred by statute). Further, *National Bank of Topeka v. State*, 146 Kan. 97, 99-100, 68 P.2d 1076 (1937), sets forth a longstanding rule that an appellate court cannot expand or assume jurisdiction where a statute does not provide for it. The Supreme Court's power to promulgate rules is limited to rules necessary to implement the court's constitutional and statutory authority and does not include the power to expand that authority. See Kan. Const. art. 3, §§ 1, 3; K.S.A. 20-321.

We cannot utilize court rules to expand our jurisdiction. We will apply the specific limitation of the time in which to file an appeal set forth in K.S.A. 1995 Supp. 44-556(a), which at this time in Kansas history requires appeals from decisions of the Board to be

filed within 30 days from the date of the final order. This was not done in this case.

The appeal is dismissed.