(934 P.2d 141)
No. 74,116

ARTHUR L. KYBURZ and MARY M. KYBURZ, *Appellants*, v. WAYNE L. FRANKLIN, SECRETARY OF HUMAN RESOURCES, STATE OF KANSAS, and PAT KETTLER, REGISTER OF DEEDS, SEDGWICK COUNTY, KANSAS, *Appellees*.

Opinion filed January 3, 1997.

*John C. King* and *John L. Brennan*, of King Law Offices, Ltd., of Wichita, for appellants.

*Glenn H. Griffeth*, of Kansas Department of Human Resources, for appellee Wayne L. Franklin.

No appearance by appellee Pat Kettler.

Before GREEN, P.J., PADDOCK, S.J., and JAMES J. SMITH, District Judge, assigned.

GREEN, J.: Arthur L. Kyburz and Mary M. Kyburz appeal from the judgment of the trial court dismissing their writ of mandamus petition. On appeal, the Kyburzes contend that K.S.A. 1995 Supp. 44-717(k) is constitutionally infirm because it denies them due process of law. Additionally, the Kyburzes contend that the trial court erred in determining that they had failed to exhaust their administrative remedies. We disagree and affirm the judgment of the trial court.

The Kyburzes owned and operated Art's Tater Chip Company, Inc., when the company filed a Chapter 11 bankruptcy in 1994. Before the bankruptcy, the company was in default on its required contributions to the State Employment Security Fund. In the winter of 1994-1995, the company owed contributions of $6,085.44. As a result, the Kansas Department of Human Resources notified the Kyburzes that it was proposing a personal assessment against them for their company's unpaid contributions under K.S.A. 1995 Supp. 44-717(k). The Kyburzes requested an administrative review of the proposed assessment. In determining that the Kyburzes had preferred payment of considerable salary to themselves over the payment of the company's contribution, the Secretary of Human Resources made an assessment against the Kyburzes for $6,085.44 and proposed to file a lien against their property in April 1995. In an attempt to stop the filing of the lien, the Kyburzes moved for a writ of mandamus, claiming that the procedure used in making the personal assessment against them was flawed. The trial court dismissed the writ after determining that the Kyburzes had failed to exhaust their administrative remedies.

First, the Kyburzes argue that K.S.A. 1995 Supp. 44-717(k) is constitutionally infirm because it denies due process. "The constitutionality of a statute is presumed, all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the constitution." *State v. Risjord*, 249 Kan. 497, Syl. ¶ 1, 819 P.2d 638 (1991). Furthermore, the party challenging the constitutionality of the statute

bears the burden of proof on this issue. *State v. Durrant*, 244 Kan. 522, 526, 769 P.2d 1174 (1989).

In addressing this issue, we must consider several statutes and regulations. K.S.A. 44-714(a) states: "It shall be the duty of the secretary to administer this act and the secretary shall have power and authority to adopt, amend or revoke such rules and regulations . . . and take such other action as the secretary deems necessary or suitable to that end." K.S.A. 1995 Supp. 44-717(k) states:

"Any officer, major stockholder or other person who has charge of the affairs of an employer . . . who willfully fails to pay the amount of contributions, payments in lieu of contributions or benefit cost payments required to be paid under the employment security law on the date on which such amount becomes delinquent, shall be personally liable for the total amount of the contributions, payments in lieu of contributions or benefit cost payments and any penalties and interest due and unpaid by such employing unit."

K.A.R. 50-2-19 states: "The following provisions shall govern the appeal process provided to resolve any protest to any determination pursuant to K.S.A. 44-703, 44-710, 44-710a, 44-710b and 44-710d."

The Kyburzes argue that the appeals process of K.A.R. 50-2-19 sought to be used by the Secretary does not apply to this type of assessment because the regulation covers the appeal process for employers. They further argue that the liability of officers and major stockholders is covered by K.S.A. 1995 Supp. 44-717(k) and that K.A.R. 50-2-19 has omitted any reference to K.S.A. 1995 Supp. 44-717(k). The Kyburzes finally argue that because the Secretary has not adopted any rule or regulation concerning the process by which individuals may be assessed liability for another's unpaid contributions, nor has the Secretary amended any other rule or regulation to allow for such assessment, the Secretary's actions are illegal, arbitrary, and unreasonable. We disagree.

In *Rydd v. State Board of Health*, 202 Kan. 721, 725, 451 P.2d 239 (1969), the Kansas Supreme Court reiterated the general rule that "legislation is not rendered constitutionally invalid because of omission of certain procedural safeguards which may be supplied, by rule or otherwise, by the agency administering the law." Nevertheless, the Kyburzes attempt to distinguish their case from *Rydd*

by arguing that *Rydd* involved a notice issue as opposed to a request for a hearing. But this is a distinction without a difference.

The essential elements of due process are " 'notice . . . and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case.' " *Rydd*, 202 Kan. at 728 (quoting *Wichita Council v. Security Benefit Ass'n*, 138 Kan. 841, 847, 28 P.2d 976 [1934]). When the Kyburzes sought administrative review, an administrative review was held. The decision from the administrative review set forth the applicable law and the appeal process, as well as the findings on the specific issues raised by the Kyburzes. Furthermore, the Kyburzes were told that if they requested an administrative hearing, they would be entitled to be present; to be represented by counsel; to present oral testimony or written evidence, or both; to subpoena witnesses; to examine witnesses and documents; to cross-examine witnesses; and to offer rebuttal testimony or evidence.

The Kyburzes argue that K.S.A. 44-714 requires the Secretary to write rules and regulations regarding these hearings. And the Kyburzes point to the case of *Adams v. Professional Practices Commission*, 524 P.2d 932, 935 (Okla. 1974), where the Oklahoma Supreme Court held that the failure to enact a regulation concerning hearing procedures prevented the administrative agency from holding such hearings. On the other hand, the Secretary maintains that *Adams* is distinguishable from this case because under the applicable Oklahoma statutes, the agency was required to promulgate the rules. 524 P.2d at 934. See also Okla. Stat. tit. 75, §302 (1995). The Kansas statute in question is permissive, however, providing that "the secretary shall have power and authority to adopt, amend or revoke such rules and regulations . . . and take such *other action as the secretary deems necessary or suitable.*" (Emphasis added.) K.S.A. 44-714(a). The Secretary argues that he found it necessary and suitable to provide a due process hearing and judicial review for the Kyburzes and it was within his power to do so.

Under both the rule of *Rydd* and the language of K.S.A. 44-714, no constitutional flaws exist in K.S.A. 1995 Supp. 44-717(k). Neither can the Secretary's actions be considered arbitrary, as peti-

tioners allege. "Arbitrary" has been defined as " ' "without adequate determining principles . . . not done or acting according to reason or judgment." ' " *J. Enterprises, Inc. v. Board of Harvey County Comm'rs*, 253 Kan. 552, 560, 857 P.2d 666 (1993). Because the Secretary acted appropriately in setting up an administrative hearing not specifically authorized by regulation, and the Kyburzes were afforded a hearing with due process safeguards, the Kyburzes' argument fails.

Next, the Kyburzes argue that the trial court erred when it determined that they had failed to exhaust their administrative remedies. An appellate court's review of conclusions of law is unlimited. *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991). The Kyburzes argue that the trial court was vested with jurisdiction to hear their petition for writ of mandamus. The basis for this jurisdiction, according to the Kyburzes, is that the assessment was invalid because the action of the Secretary was without valid legislative authority. See *Boeing Co. v. Oaklawn Improvement Dist.*, 255 Kan. 848, 858, 877 P.2d 967 (1994) (Exhaustion of administrative remedies is not required where the action taken is without authority or permeated with fraud, corruption, or conduct so oppressive, arbitrary or capricious as to amount to fraud.).

The Kyburzes attempt to compare the instant case to *Mrizek v. Long*, 187 F. Supp. 830, 835 (N. D. Ill. 1959), where a tax collector made tax assessments without first making demand for payment as required by statute. The court ruled that by comparing the amended complaint with the purported enabling statutes, it was clear that the taxpayers had sufficiently alleged unauthorized action by the defendant. The instant situation is distinguishable from *Mrizek*, however, in that the Secretary has not violated any statute. Although the procedure for administrative review provided by K.A.R. 50-2-19 does not specifically apply, the Secretary has provided a due process hearing which is proper under the broad powers granted by K.S.A. 44-714.

The Kyburzes also point to the case of *Fish & Chips v. Tax Comm*, 69 App. Div. 2d 550, 419 N.Y.S.2d 768 (1979), where the New York courts invalidated a tax lien on constitutional grounds because a period existed where the Tax Commission could execute

on its lien without ever having to show its claim had probable validity. The Kyburzes argue a similar situation exists because of the alleged lack of validity of the Secretary's actions. Because the Secretary's actions were valid, however, *Fish & Chips* has no application to the instant case.

In summary, K.S.A. 44-714 gave the Secretary broad power to take actions "necessary or suitable" to administer the Employment Security Act. Because the Secretary's actions were within that broad grant of power given to him by that statute, exhaustion of administrative remedies was required.

Affirmed.