(34 P.3d 474)

No. 86,405

ROGER A. RIEDMILLER, *Appellant*, v. PHILIP HARNESS, DIRECTOR OF THE DIVISION OF WORKERS COMPENSATION, *Appellee*.

Opin-ion filed November 9, 2001.

*Roger A. Riedmiller*, of Law Office of Roger A. Riedmiller, of Wichita, appellant pro se.

*Glenn H. Griffeth*, of Kansas Department of Human Resources, of Topeka, for appellee.

Before RULON, C.J., GREEN, J., and PADDOCK, S.J.

RULON, C.J.: This is an appeal by an attorney, Roger Riedmiller, who represented Cliford Leroy Crone, in a workers compensation case. Riedmiller appeals the district court's finding that it did not have jurisdiction in this workers compensation case. The ultimate

question Riedmiller wants addressed is whether a blanket recusal should be entered prohibiting a certain administrative law judge (ALJ) from hearing any case in which Riedmiller is an attorney of record.

The facts of this case are not in dispute.

Riedmiller filed a workers compensation claim on behalf of Cliford Leroy Crone. During the course of the workers compensation case, Riedmiller, for reasons not relevant here, filed a motion requesting the ALJ to recuse himself from this and all other cases in which Riedmiller was the attorney of record. That motion was denied. Riedmiller then filed a request for review with the Workers Compensation Board (Board). The Board responded that it only had jurisdiction to consider final orders, awards, modification of awards, or preliminary hearing awards and thus denied Riedmiller's request for review of the motion to recuse. Curiously, however, the Board found that because the motion to recuse was addressed in the preliminary hearing order, it agreed to hear the appeal. (Whether the Board had jurisdiction to consider this question on appeal from a preliminary hearing is questionable. Because the Board never heard the issue on appeal we express no opinion on the issue.) Riedmiller simultaneously asked that his appeal be considered by the Director of the Division of Workers Compensation. The Director granted the request and heard the appeal.

However, before the Director could rule on the motion, the ALJ sent a letter to the Director asking that the case be reassigned to a different ALJ. Subsequently, the Director denied the request for a blanket recusal.

Riedmiller then filed a petition for judicial review in Shawnee County District Court pursuant to the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 et seq. The district court, without request by either party, found that this was essentially a workers compensation case and therefore the court lacked jurisdiction. Riedmiller then perfected this appeal.

The only question before this court is whether the district court was correct in finding it did not have jurisdiction over this case. "[W]hether jurisdiction exists is a question of law over which [an

appellate] court's scope of review is unlimited." *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 414, 997 P.2d 681 (2000).

"[A]n appellate court has the duty to question jurisdiction on its own initiative." *State v. Snodgrass*, 267 Kan. 185, 196, 979 P.2d 664 (1999). Parties cannot confer jurisdiction by consent or by failing to assert lack of jurisdiction. *Copeland v. Robinson*, 25 Kan. App. 2d 717, 720, 970 P.2d 69 (1998), *rev. denied* 266 Kan. 1107 (1999)." *Hughs v. Valley State Bank*, 26 Kan. App. 2d 631, 633-34, 994 P.2d 1079 (1999).

"The right to an appeal in this state is neither a vested nor constitutional right, but is strictly statutory in nature. It may be limited by the legislature to any class or classes of cases or in any manner, or it may be withdrawn completely. However, where the legislature has provided the right of an appeal, the minimum essential elements of due process of law in an appeal affecting a person's life, liberty, or property are notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Nguyen v. IBP, Inc.*, 266 Kan. 580, 588, 972 P.2d 747 (1999).

Whether the district court was correct that it did not have jurisdiction necessarily is dependent on whether the Director had jurisdiction. As a beginning we note:

"[T]he Workmen's Compensation Act undertook to cover every phase of the right to compensation and of the procedure for obtaining it, which is substantial, complete and exclusive, and we must look to the procedure of the act for the methods of its administration. Rules and methods provided by the code of civil procedure not included in the act itself are not available in determining rights thereunder." *Jones v. Continental Can Co.*, 260 Kan. 547, 557, 920 P.2d 939 (1996) (quoting *Bushman Construction Co. v. Schumacher*, 187 Kan. 359, 362, 356 P.2d 869 [1960]).

The statutory basis for applying the provisions of the Kansas Code of Civil Procedure to workers compensation appeals was removed by the legislature in 1993. *Jones*, 260 Kan. 547, Syl. ¶ 2.

The first problem in this case, one neither party directly addresses, is how the Director had jurisdiction to review a part of the preliminary order entered by an ALJ in a workers compensation case. The Director correctly noted that there is no procedure in the Workers Compensation Act for requesting or appealing the recusal of an ALJ. The Director noted that in *Boyd v. Presbyterian Manors of Mid-America, Inc.*, Docket No. 163,905, the Board held it did not have jurisdiction to consider such claims and only the

Director of the Division of Workers Compensation, who is in charge of the ALJs, has the authority to order an ALJ to recuse. Following this earlier decision by the Board, the Director concluded he had jurisdiction and that the procedures found in K.S.A. 20-311d were the most appropriate and thus adopted them by "unwritten policy."

The case law is clear that while the interpretation of a statute by an administrative agency charged with the responsibility of enforcing a statute is entitled to judicial deference, the final construction of a statute lies with the appellate court. The agency's interpretation, while persuasive, is not binding on the court. Interpretation of a statute is a question of law over which an appellate court's review is unlimited. *In re Appeal of United Teleservices, Inc.*, 267 Kan. 570, 572, 983 P.2d 250 (1999). Clearly, the doctrines of res judicata and stare decisis are not generally applicable to administrative determinations. *Warburton v. Warkentin*, 185 Kan. 468, 345 P.2d 992 (1959).

From a plain reading of the statutes, the Board's earlier decision finding it lacked jurisdiction over a denial of a request for recusal was in error.

Under K.S.A. 44-551(b)(1), preliminary awards are to be appealed to the Workers Compensation Board. If an ALJ has entered a preliminary award under K.S.A. 44-534a, a review by the Board shall not be conducted under this section unless it is alleged that the ALJ exceeded his or her jurisdiction in granting or denying the relief requested at the preliminary hearing. Such appeal may be heard by a single board member. K.S.A. 44-551(b)(2)(A). Under K.S.A. 44-534a(a)(2) certain jurisdictional claims such as whether the employee suffered an accidental injury, whether the injury arose out of and in the course of the employee's employment, whether notice is given, or a claim timely made, or whether certain defenses apply, may be reviewed by the Board. Such review, however, is not subject to judicial review until after a decision on a full hearing.

Next, K.S.A. 44-551(b)(1) states: "All final orders, awards, modifications of awards, or preliminary awards under K.S.A. 44-534a and amendments thereto made by an administrative law judge shall

be subject to review by the board . . ." Under K.S.A. 44-555c(a), "[t]he board shall have *exclusive jurisdiction to review all decisions, findings, orders* and awards of compensation of administrative law judges under the workers compensation act." (Emphasis added.) We note the statute is worded in the conjunctive. The Board has jurisdiction to review all decisions, findings, and orders, as well as awards of compensation.

Under K.S.A. 44-556(a), any action by the Board pursuant to the Workers Compensation Act, other than the disposition of an appeal from a preliminary order or awards under K.S.A. 44-534a, is subject to direct appeal to the Court of Appeals in accordance with the act for judicial review and civil enforcement of agency actions. Thus, Riedmiller had an avenue to seek review of the denial of the request for recusal via the Workers Compensation Board, but under the plain wording of the statutes, such an order was not appealable until after a full hearing.

Because the Workers Compensation Act is complete unto itself and appears to provide an avenue for a person to have an appeal from the denial of a motion to recuse, the Director did not have jurisdiction to conduct a review of a preliminary order in a workers compensation case. Also, if the Board had jurisdiction to decide the matter, then any appeal must be to this court and not the district court. Therefore, the district court was correct in finding it did not have jurisdiction to consider the appeal.

The only counter argument is made by the appellee, Phillip Harness, Director of the Division of Workers Compensation. Appellee argues that because a procedure is not present to review decisions on recusal, the Secretary has broad powers to provide such procedures to assure due process. Appellee cites *Kyburz v. Franklin*, 23 Kan. App. 2d 423, 934 P.2d 141 (1997), and *Rydd v. State Board of Health*, 202 Kan. 721, 451 P.2d 239 (1969). At oral argument appellee also argued that the Kansas Administrative Procedure Act (KAPA), K.S.A. 77-501 *et seq.*, applies to this proceeding and Riedmiller has failed to exhaust his administrative remedies.

We are convinced that neither *Kyburz* nor *Rydd* is controlling. Both cases dealt with situations where no right to review existed. Based on our analysis, such is not the case here as a ruling on a

motion to recuse can be reviewed by the Board and by this court on appeal. Further, the KAPA applies only to the extent that other statutes expressly provide that the provisions of KAPA govern proceedings under those statutes. K.S.A. 77-503. *Reifschneider v. Kansas State Lottery*, 270 Kan. 560, Syl. ¶ 4, 17 P.3d 907 (2001). Nothing in the worker compensation statutes provide that KAPA applies to the proceedings here. "In general, the changes to the workers compensation code were designed to shift the de novo review of the district court to the newly created Workers Compensation Board of Appeals. The appellate review of Board decisions was designed to be filed directly with the Court of Appeals." *Hall v. Roadway Express., Inc.*, 19 Kan. App. 935, 939, 878 P.2d 846, *rev. denied* 255 Kan. 1001 (1994).

While the Director or the Board is free to adopt the methodology of K.S.A. 20-311d to use in deciding whether an ALJ should recuse, they are not free to create new appellate jurisdiction. Obviously, it would be preferable for the legislature to specifically set out the procedures for seeking the recusal of an ALJ and for appeals from the granting or denying of such motions. However, in the absence of such procedures the Board has the authority under its broad legislative mandate to review decisions of an ALJ granting or denying such motions. Although at this stage in the process, sending the matter back to the Board may frustrate the parties, the remedy lies with the legislature, not the courts. See *Lindsey v. Miami County National Bank*, 267 Kan. 685, 690, 984 P.2d 719 (1999).

The decision of the district court is affirmed.