Larry A. Williamson Executive Director Kansas Dental Board 900 SW Jackson, Room 564-S Topeka, Kansas 66612
Dear Mr. Williamson:
As Executive Director of the Kansas Dental Board, you request our opinion to resolve an apparent conflict between K.S.A. 65-1436(d), regarding disposition of moneys received as a fine assessed by the Board in relation to a disciplinary action when the actual costs relating to that fine assessment and enforcement exceeds the amount of the fine, and K.S.A. 74-1405(f), regarding disposition of moneys from fees, charges and penalties received by the Board.
K.S.A. 65-1436(d) states:
 "In addition to or in lieu of one or more of the actions described in subsections (b)(1) through (b)(4), the board may assess a fine not in excess of $10,000 against a licensee. All fines collected pursuant to this subsection shall be remitted to the state treasurer in accordance with the provisions of K.S.A. 75-4215, and amendments thereto. Upon receipt of each such remittance, the state treasurer shall deposit the entire amount in the state treasury and of the amount so remitted, an amount equal to the board's actual costs related to fine assessment and enforcement under this subsection, as certified by the president of the board to the state treasurer, shall be credited to the dental board fee fund and the balance shall be credited to the state general fund."[1]
Essentially this statute says that the amount of a fine assessed and paid, less the amount of costs related to fine assessment and enforcement, accrues to the state general fund; the amount related to actual costs accrues to the Board's fee fund.
K.S.A. 74-1405(f) states:
 "The executive director shall remit all moneys received by or for such executive director from fees, charges or penalties to the state treasurer in accordance with the provisions of K.S.A. 75-4215, and amendments thereto. Upon receipt of each such remittance, the state treasurer shall deposit the entire amount in the state treasury. Twenty percent of each such deposit shall be credited to the state general fund and the balance shall be credited to the dental board fee fund."[2]
The specific question you pose is "whether fines as provided in K.S.A.65-1436(d) are subject to the 20%/80% split required by K.S.A. 74-1405(f)."
However, from the context of your opinion request letter and from my follow-up telephone conversation with you, it appears that you are asking the following question: When the amount of the costs exceeds the amount of the fine in a case, is 20% of the moneys collected by the Board required to be deposited in the state general fund, or does the entirety of those moneys accrue in the Board's fee fund? An example may clarify the question: A fine of $500 is assessed in a disciplinary case and the costs in that case are determined to be $2,000. The licensee subsequently pays the $500 fine to the Board. In that event, does 20% of that $500 accrue to the state general fund pursuant to K.S.A. 74-1405(f) or does the full $500 accrue to the Board's fee fund pursuant to K.S.A. 65-1436(d)?
According to K.S.A. 65-1436(d), of the amount of the fine "an amount equal to the board's actual costs related to fine assessment and enforcement" accrues to the Board's fee fund. Only the amount of the fine assessed ($500 in the example) was ordered to be paid by the licensee. The amount of the costs ($2000 in the example) exceeds the amount of the fine paid. In effect, the entire amount of fine assessed and collected by the Board is thus to be credited to the Board's fee fund ($500 in the example).
However, according to K.S.A. 74-1405(f), 20% of the fines (i.e.,
penalties) assessed and collected by the Board are to be credited to the state general fund. Under this statute, $100 of the $500 accrues to the state general fund and $400 accrues to the Board's fee fund.
The legal question thus posed is whether K.S.A. 65-1436(d) or K.S.A.74-1405(f) is controlling in relation to disposition of moneys assessed and collected as a fine when the amount of costs exceeds the amount of the fine.
To resolve this question we turn to two long-standing rules of statutory construction. The first rule is that an older statute is subordinate to a newer enactment as the newer statute is the later expression of the legislative intent and so will control if there is a conflict between the two.[3] K.S.A. 65-1436 was amended in 1997 to add section (d),[4] while section (f) of K.S.A. 74-1405 has been in effect since 1973.[5] Needless to say, between the two provisions K.S.A.65-1436(d) is the newer enactment and thus the more recent expression of legislative intent. Based on this rule of statutory construction, K.S.A.65-1436(d) prevails over K.S.A. 74-1405(f). This assessment finds support in the legislative history of K.S.A. 65-1436(d), although it is somewhat sparse. In 1997, Estel Landreth, D.D.S. and a member of the Kansas Dental Board, testified in support of the bill that would provide the Board with the authority subsequently found in K.S.A. 65-1436(d).[6] In pertinent part, he stated that the bill "will statutorily allow the Dental Board to impose fines to recoup expenses when licensees are found to be in violation of state or federal law."[7] If a fine is levied and costs assessed are greater than the fine, unless all moneys received by the Board from the licensee accrue to the Board's fee fund, the purpose of allowing the Board to "recoup expenses" is diminished.
The second rule of statutory construction is that when a conflict exists between a general and a specific statute, the specific prevails unless it appears the Legislature intended to make the general statute controlling.[8] In our opinion, K.S.A. 65-1436(d) is a more specific statute than K.S.A. 74-1405(f), as it more precisely addresses disposition of moneys the Board receives as fines in relation to actual costs of fine assessment and enforcement. Again, the testimony of Dr. Landreth supports this conclusion: "This bill will conserve state funds allowing persons who are found in violation of law to share the costs they create for the state, and the statutes will be more specific, consequently reducing prosecution costs."[9]
Based on these rules of statutory construction and legislative history, we conclude that, to the extent they conflict, K.S.A. 65-1436(d) prevails over K.S.A. 74-1405(f) in relation to disposition of moneys assessed and collected by the Kansas Dental Board as a fine when the amount of costs assessed in a disciplinary case exceeds the amount of the fine. Thus in that situation, pursuant to K.S.A. 65-1436(d), the full amount of the moneys collected by the Board accrue to the dental board fee fund.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Camille Nohe Assistant Attorney General
PK:JLM:CN:jm
[1] Emphasis added.
[2] "The 20% credited to the state general fund required by [numerous statutes including K.S.A. 74-1405] is to reimburse the state general fund for accounting, auditing, budgeting, legal, payroll, personnel and purchasing services, and any and all other state governmental services, which are performed on behalf of the state agency involved by other state agencies which receive appropriations from the state general fund to provide such services." K.S.A. 75-2170a.
[3] Jones v. Continental Can Co., 260 Kan. 547 (1996).
[4] L. 1997, ch. 81, § 2.
[5] L. 1973, ch. 309
[6] 1997 House Bill 2200, § 2(d).
[7] Minutes, House Committee on Health and Human Services, February 11, 1997, Attachment 2; Minutes, Senate Committee on Public Health and Welfare, March 13, 1997, Attachment 3.
[8] Jones, supra.
[9] Minutes, House Committee on Health and Human Services, February 11, 1997, Attachment 2; Minutes, Senate Committee on Public Health and Welfare, March 13, 1997, Attachment 3.