No. 91,779

LOIS SANDER, *Appellee,* v. STATE OF KANSAS and STATE SELF-INSURANCE FUND, *Appellants.*

(102 P.3d 1136)

Opinion filed December 3, 2004.

*Richard L. Friedeman,* of Watkins Calcara, Chtd., of Great Bend, argued the cause and was on the briefs for appellants.

*Roger A. Riedmiller,* of Law Office of Roger A. Riedmiller, of Wichita, argued the cause and was on the briefs for appellee.

*A. J. Kotich* and *Glenn Griffeth,* of Kansas Department of Human Resources, were on the briefs for *amicus curiae* Kansas Department of Labor, Division of Workers Compensation (formerly Kansas Department of Human Resources).

The opinion of the court was delivered by

GERNON, J.: The State Self-Insurance Fund appeals the district court's decision to disqualify administrative law judge (ALJ) Bruce

Moore from this case and any other case in which the claimant is represented by attorney Roger Riedmiller.

Lois Sander filed a workers compensation action against the State of Kansas and its insurer, the State Self-Insurance Fund (Fund). ALJ Moore was assigned as the ALJ to hear Sander's case. During the course of the litigation, Sander has filed three motions to disqualify ALJ Moore.

In March 2001, Sander filed her first motion seeking to disqualify ALJ Moore from her case. ALJ Moore denied the motion. Sander then requested the Workers Compensation Board (Board) to review ALJ Moore's denial and filed a petition to the Director of the Division of Workers Compensation seeking ALJ Moore's disqualification. Both the Board and the Director denied Sander's requests to disqualify ALJ Moore. Sander also filed a motion to disqualify ALJ Moore with the Shawnee County District Court, consolidating it with 11 other cases in which Sander's attorney, Riedmiller, was seeking ALJ Moore's disqualification. The district court ultimately dismissed the motions for lack of jurisdiction, and the Court of Appeals affirmed the dismissal. *Cagle v. Kansas Dept. of Human Resources*, No. 88,236, unpublished opinion filed June 14, 2002.

Sander filed her second motion to disqualify ALJ Moore in December 2001. After ALJ Moore denied Sander's motion, Sander sought review of her motion by the Director of the Division of Workers Compensation. The assistant director affirmed ALJ Moore's denial of Sander's motion. Sander then sought review by the Board, and the Board affirmed the assistant director's ruling. Sander appealed the Board's decision to the Court of Appeals, but her appeal was ultimately dismissed for lack of jurisdiction.

In November 2001, the Court of Appeals issued *Riedmiller v. Harness*, 29 Kan. App. 2d 941, 34 P.3d 474 (2001), *rev. denied* 273 Kan. 1037 (2002), which involved an earlier attempt by Riedmiller to have ALJ Moore disqualified as the ALJ in one of his cases. In that case, Riedmiller filed a petition for review with the Shawnee County District Court regarding the ALJ's denial of his motion for disqualification. The district court concluded that it lacked juris-

diction. 29 Kan. App. 2d at 942. The *Riedmiller* court affirmed the district court, stating:

"Obviously, it would be preferable for the legislature to specifically set out the procedures for seeking the recusal of an ALJ and for appeals from the granting or denying of such motions. However, in the absence of such procedures the Board has the authority under its broad legislative mandate to review decisions of an ALJ granting or denying such motions. Although at this stage in the process, sending the matter back to the Board may frustrate the parties, the remedy lies with the legislature, not the courts." 29 Kan. App. 2d at 946.

In response to *Riedmiller*, the legislature amended K.S.A. 44-523(e) to establish a procedure for the district court to review an ALJ's decision regarding disqualification. The new statute became effective on July 1, 2002. L. 2002, ch. 122, sec. 7.

Sander filed the third motion to disqualify ALJ Moore immediately before the regular hearing was scheduled on September 4, 2003, without providing any notice to either ALJ Moore or the State and the Fund. After ALJ Moore denied the motion, Sander filed an affidavit with the Ellis County District Court seeking ALJ Moore's disqualification. The district court concluded that Sander's affidavit created a reasonable doubt concerning ALJ Moore's impartiality and ordered that he be disqualified from Sander's case. The district court stated that "the issue of bias pervades, and is such a distraction that an objective person would could [*sic*] not help but question the fairness of the entire proceedings." However, the court denied Sander's motion to disqualify ALJ Moore from any case in which a claimant is represented by Riedmiller.

Sander filed a motion requesting the district court to reconsider its decision regarding the blanket disqualification of ALJ Moore from any of Riedmiller's cases. The Fund filed a motion to alter or amend the court's decision to disqualify ALJ Moore from Sander's case. Upon rehearing, the district court granted Sander's motion for a blanket disqualification, and the Fund appealed.

On August 3, 2004, the Court of Appeals issued an order requiring the parties to brief the issue of whether the appellate courts have jurisdiction. On August 24, 2004, we transferred the case to this court on our own motion pursuant to K.S.A. 20-3018(c).

In accordance with the Court of Appeals' order, both parties briefed the issue of jurisdiction. The right to appeal is purely statutory. Without a statute authorizing an appeal, no appeal is available. *Nguyen v. IBP, Inc.*, 266 Kan. 580, 588, 972 P.2d 747 (1999). An appellate court has a duty to question jurisdiction on its own initiative. If the record demonstrates that there is no jurisdiction for the appeal, the appeal must be dismissed. *Cole v. Mayans*, 276 Kan. 866, 870, 80 P.3d 384 (2003). The issue of appellate jurisdiction is a question of law over which this court has de novo review. *Wichita Eagle & Beacon Publishing Co. v. Simmons*, 274 Kan. 194, 205, 50 P.3d 66 (2002).

The district court's jurisdiction for disqualifying an ALJ is found in K.S.A. 2003 Supp. 44-523(e), which provides in pertinent part:

"(1) . . . If the administrative law judge refuses to disqualify the administrative law judge's self, the party seeking a change of administrative law judge may file in the district court of the county in which the accident occurred the affidavit provided in subsection (e)(2). If an affidavit is to be filed in the district court, it shall be filed within 10 days.

"(2) If a party or a party's attorney files an affidavit alleging any of the grounds specified in subsection (e)(3), the chief judge shall at once determine, or refer the affidavit to another district court judge for prompt determination of, the legal sufficiency of the affidavit. If the affidavit is filed in a district court in which there is no other judge who is qualified to hear the matter, the chief judge shall at once notify the departmental justice for the district and request the appointment of another district judge to determin[e] the legal sufficiency of the affidavit. If the affidavit is found to be legally sufficient, the district court judge shall order the director to assign the case to another administrative law judge or to an assistant director."

The plain language of K.S.A. 2003 Supp. 44-523(e) does not provide for an appeal of the district court's decision to an appellate court. Nevertheless, the Fund argues that this court has jurisdiction pursuant to K.S.A. 60-2101, which provides in pertinent part:

"(a) The court of appeals shall have jurisdiction to hear appeals from district courts, except in those cases reviewable by law in the district court and in those cases where a direct appeal to the supreme court is required by law. The court of appeals also shall have jurisdiction to hear appeals from administrative decisions where a statute specifically authorizes an appeal directly to the court of appeals from an administrative body or office. In any case properly before it, the court of appeals shall have jurisdiction to correct, modify, vacate or reverse any act, order

or judgment of a district court to assure that any such act, order or judgment is just, legal and free of abuse. . . .

"(b) The supreme court shall have jurisdiction to correct, modify, vacate or reverse any act, order or judgment of a district court or court of appeals in order to assure that any such act, order or judgment is just, legal and free of abuse. . . . Cases appealed to the court of appeals may be transferred to the supreme court as provided in K.S.A. 20-3016 and 20-3017, and amendments thereto, and any decision of the court of appeals shall be subject to review by the supreme court as provided in subsection (b) of K.S.A. 20-3018, and amendments thereto."

Essentially, the Fund argues that the appellate courts have jurisdiction over any final decision of a district court. However, the plain language of K.S.A. 60-2101 does not support that interpretation. K.S.A. 60-2101 specifically excludes cases that are reviewable by law in the district court and limits appeals from administrative decisions to those situations specifically authorized by statute. Because this case arises from a workers compensation claim, K.S.A. 2003 Supp. 44-556 controls the parties' right to appeal, providing in pertinent part:

"(a) Any *action of the board* pursuant to the workers compensation act, other than the disposition of appeals of preliminary orders or awards under K.S.A. 44-534a and amendments thereto, shall be subject to review in accordance with the act for judicial review and civil enforcement of agency actions by appeal directly to the court of appeals." (Emphasis added.)

K.S.A. 2003 Supp. 44-556 specifically limits the appellate courts to review of decisions of the Board; it does not authorize review of district court decisions. The legislature did not amend K.S.A. 2003 Supp. 44-556 to include a review of the district court's decisions pursuant to K.S.A. 2003 Supp. 44-523(e).

In *Jones v. Continental Can Co.*, 260 Kan. 547, 557, 920 P.2d 939 (1996), this court noted the long-standing rule that the Workers Compensation Act is complete and exclusive and does not incorporate the Code of Civil Procedure unless specifically stated. Because neither K.S.A. 2003 Supp. 44-523(e) nor K.S.A. 2003 Supp. 44-556 incorporate the Code of Civil Procedure, the Fund's reliance on K.S.A. 60-2101 is misplaced.

The Fund argues that appellate courts have previously resorted to the Code of Civil Procedure to resolve workers compensation

issues, so the rule of *Jones* is overbroad. In support of this argument, the Fund cites *Bain v. Cormack Enterprises, Inc.*, 267 Kan. 754, 986 P.2d 373 (1999), and *McIntyre v. A.L. Abercrombie, Inc.*, 23 Kan. App. 2d 204, 929 P.2d 1386 (1996). However, both *Bain* and *McIntyre* can be distinguished. *Bain* and *McIntyre* apply K.S.A. 2003 Supp. 60-206 in determining how to count the time limitations specified in workers compensation statutes. K.S.A. 2003 Supp. 60-206(a) provides in pertinent part: "In computing any period of time prescribed or allowed by this chapter, by the local rules of any district court, by order of court, or *by any applicable statute* . . . ." (Emphasis added.)

K.S.A. 2003 Supp. 60-206 is an exception to the general rule against using the Code of Civil Procedure because the phrase "any applicable statute" includes any workers compensation statutes that prescribe a time period, thereby incorporating them into 60-206.

The Fund also cites *Olathe Hospital Foundation, Inc. v. Extendicare, Inc.*, 217 Kan. 546, 539 P.2d 1 (1975), to support its argument. The *Olathe Hospital Foundation* case involved a decision by the Mid-America Comprehensive Health Planning Agency (MACHPA), an administrative agency designated by the Kansas Department of Health, regarding the issuance of a certificate of need to build a hospital. MACHPA's decision was appealed to an agency appellate panel, then to the district court pursuant to statutory authority, and then to the Kansas Supreme Court. Because the statutory authority did not provide for an appeal beyond the district court, Extendicare argued that the Kansas Supreme Court did not have jurisdiction for the appeal. The *Olathe Hospital Foundation* court held that the Kansas Supreme Court had jurisdiction to review the district court's decision pursuant to K.S.A. 60-2101, regardless of the lack of statutory authority within the certificate of need legislation. 217 Kan. at 551.

However, *Olathe Hospital Foundation* is not on point. It does not address the appellate jurisdiction for workers compensation appeals or the changes to the Workers Compensation Act since 1975. *Jones*, however, is directly on point, addressing both appellate jurisdiction for workers compensation cases and the legislative

amendments to the Workers Compensation Act since 1975. The legislature has not amended the Workers Compensation Act to invalidate *Jones*. Thus, *Jones* is controlling, not *Olathe Hospital Foundation*.

K.S.A. 2003 Supp. 44-523(e) does not provide any authority for a review of the district court's disqualification decision, and such a decision is not included in K.S.A. 2003 Supp. 44-556. Neither K.S.A. 2003 Supp. 44-523(e) nor K.S.A. 2003 Supp. 44-556 refer to the Code of Civil Procedure, so K.S.A. 60-2101 is not applicable to establish appellate jurisdiction. Consequently, this court does not have jurisdiction to hear the Fund's appeal.

Appeal dismissed.